JOURNAL ENTRY and OPINION
{¶ 1} Relator requests that this court compel respondent judge to issue an order instructing respondent clerk of courts to serve relator with a copy of all journal entries filed by relator in State v. McGrath, Cuyahoga County Court of Common Pleas Case No. CR-388833 since November, 2001.
{¶ 2} Respondents have filed a motion for summary judgment attached to which is a copy of a journal entry issued by respondent judge and received for filing by the clerk on May 9, 2002 instructing respondent clerk to serve upon relator certified copies of all journal entries in Case No. 388833 dated October 2001 and thereafter. Relator has not opposed the motion. Respondents argue that this action in mandamus is, therefore, moot. We agree.
{¶ 3} The complaint also manifests several defects.
 {¶ 4} Moreover, the petition itself is defective because it is improperly captioned. R.C. 2731.04
requires that an application for a writ of mandamus must be by petition, in the name of the state on the relation of the person applying. This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. Maloney v. Court of Common Pleas of Allen County (1962), 173 Ohio St. 226, 181 N.E.2d 270. Morton also failed to support his complaint with an affidavit specifying the details of the claim as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
{¶ 5} State ex rel. Morton v. Pokorny (Mar. 1, 2001), Cuyahoga App. No. 79187, at 3. The complaint in this action does not purport to be on relation of relator.
{¶ 6} Likewise, although the complaint includes what is called a verification, there is no affidavit specifying the details of the claim. That is, relator has failed to comply with the formal requirements for an affidavit. See R.C. 2319.01 through 2319.04. See, e.g., State v. Trembly (Mar. 16, 2000), Cuyahoga App. No. 75996, reopening disallowed (Oct. 20, 2000), Motion No. 16908, at 2-3. Similarly, although relator has filed what he calls R.C. § 2969.25 Affidavit, the affidavit contains merely relator's signature and is not notarized.
{¶ 7} Relator has also filed a motion to proceed in forma pauperis. The jurat of the affidavit attached to this motion is dated July 10, 2001. The motion was filed, however, on May 3, 2002. Obviously, in order to grant the motion, this court must be able to determine that relator lacks the ability to provide security for costs at the time he commenced this action. Relator has failed to establish his inability to provide the security for costs at the relevant time. We have denied the motion by separate entry. As a consequence, we deny relator's claim of indigency and order him to pay costs.
{¶ 8} Accordingly, respondents' motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ denied.
TIMOTHY E. McMONAGLE, A.J., and MICHAEL J. CORRIGAN, J., CONCUR.